RAFAEL GARCÍA SORIANO, demandante y apelado, *v.* LA SUCN. DE HARRY A. McCORMICK, compuesta de MARÍA, ADELA, CATALINA, EDUARDO OTTO y EDITH McCORMICK; y los albaceas de la herencia DOLORES y SIMÓN A. ALCAIDE y BAIZ,

Carlos J. Torres y William A. McKinley, demandados y apelantes.

No. 4820.—*Sometido:* Junio 5, 1929. *Resuelto:* Julio 23, 1929.

*Carlos J. Torres* y *T. Bernardini de la Huerta,* abogados de la apelante; *Blondet & Campillo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR emitió la opinión del tribunal.

Rafael García Soriano demandó a la sucesión de Harry A. McCormick y a los albaceas testamentarios del mismo, alegando que Harry A. McCormick falleció en San Juan, P. R., el 27 de octubre de 1927, bajo testamento otorgado ante el Notario don Juan Valldejuli, en el que instituyó como sus herederos a los aquí como tales demandados, y como albaceas a los que aparecen como demandados en ese concepto; que estos albaceas se hallan en posesión de los bienes de la herencia de McCormick; que en el citado testamento McCormick dejó al aquí demandante un legado de tres mil dollars; que los bienes de la herencia tienen un valor considerable, y los albaceas están, y han estado desde que tomaron posesión de tales bienes, en condiciones de pagar al demandante su legado, sin perjudicar a los herederos y legatarios, contando con recursos suficientes para hacerlo; que el demandante ha reclamado a los albaceas el importe del legado, y ellos se niegan a satisfacerlo, y que el importe del legado está vencido y es líquido y exigible.

Los demandados Dolores Alcaide, Antonio S. Alcaide, Simón A. Alcaide, Carlos J. Torres y William A. McKinley, formularon una excepción previa por falta de hechos sufi-

cientes para determinar causa de acción, fundándose en que los bienes relictos están pendientes de liquidación, que el pago del legado se halla sujeto a las condiciones impuestas por el testador, y en que hay un pleito de filiación pendiente de trámite. Por lo que en una moción de reconsideración se afirma, y por la admisión que de ese hecho aparece en el alegato de la parte apelada, en la vista de la excepción previa se sustituyeron los motivos alegados, evidentemente insostenibles como excepción previa, por el de ser prematura la demanda. La corte en fecha 4 de junio de 1928, declaró sin lugar la excepción previa. Pidió la parte reconsideración, y fué denegada. Y entonces la misma parte, los demandados comparecidos, pidió sentencia que la corte dictó en fecha 24 de octubre de 1928, contra la que se ha interpuesto la presente apelación.

Tres errores señalan los apelantes. El primero se formula así:

"Erró la corte inferior al desestimar la excepción previa de falta de causa de acción y al estimar que la obligación reclamada en la demanda está vencida y es exigible, y dictar sentencia condenando a los albaceas demandados al pago del legado que se reclama, porque la sentencia así proferida es contraria a los hechos y al derecho."

Argumentando este señalamiento presenta la parte apelante cuestiones diversas, de las que posiblemente hay que excluir de estudio y resolución algunas, porque salen de la propia esfera de la excepción previa, y se formulan como si en los autos hubiera una contestación por la que se hubieran levantado cuestiones de hecho.

La apelante entiende que la demanda en sus alegaciones sólo presenta la cuestión de adquisición de derecho a un legado; pero no la acción para reclamarlo. Y alega que según el artículo 859 del Código Civil el legatario debe pedir la entrega del legado al heredero, y al albacea cuando éste se halla autorizado para darla.

El artículo del Código que se cita es como sigue:

"El legatario no puede ocupar por su propia autoridad la cosa legada, sino que debe pedir su entrega y posesión al heredero o al albacea cuando éste se halle autorizado para darla."

Si se relaciona este precepto con la teoría general de la herencia, y aun más, con la general de la propiedad que no permite ni al mismo dueño utilizar su propia y personal autoridad para recobrar, por sí y por la fuerza, la posesión o el dominio detentado por otro, se ve que no hay en él otra cosa que la protección al estado de los bienes hereditarios contra una invasión violenta. Pero no tiene el precepto el sentido que se le quiere adjudicar por la parte apelante. Por lo que se alega parece que el albacea no puede hacer nada en cuanto a los legados sin que se le *autorice previamente*. ¿De quién ha de venir esa autorización? ¿De los herederos? Sería preciso olvidar que hay casos en que la herencia entera se distribuye en legados (Art. 865 Código Civil) y entonces esa autorización no vendría nunca, por no haber quien la diera.

Nos parece que se ha quitado toda importancia a otros preceptos legales, que la tienen, y en grado sumo, en este caso. Nos referimos a los artículos 876 y 877 del mismo Código Civil. Su texto es como sigue:

"Art. 876.—No habiendo el testador determinado especialmente las facultades de los albaceas, tendrán las siguientes:

"1. Disponer y pagar los sufragios y el funeral del testador con arreglo a lo dispuesto por él en el testamento; y en su defecto. según la costumbre del pueblo.

"2. Satisfacer los legados que consistan en metálico, con el conocimiento y beneplácito del heredero.

"3. Vigilar sobre la ejecución de todo lo demás ordenado en el testamento, y sostener, siendo justo, su validez en juicio y fuera de él.

"4. Tomar las precauciones necesarias para la conservación y custodia de los bienes, con intervención de los herederos presentes.

"Art. 877.—Si no hubiere en la herencia dinero bastante para el pago de funerales y legados, y los herederos no lo aprontaren de lo suyo, promoverán los albaceas la venta de los bienes muebles; y no

alcanzando éstos, la de los inmuebles, con intervención de los herederos.

"Si estuviere interesado en la herencia algún menor, ausente, corporación o establecimiento público, la venta de los bienes se hará con las formalidades prevenidas por las leyes para tales casos."

No es dudoso que, en lo que se refiere al pago de legados en metálico, la autoridad del Albacea es más extensa que en otros particulares; pero es indudable que sin el conocimiento y beneplácito de los herederos, no pueda, eficazmente, pagar tales legados. Y en la demanda en el caso presente, no hay alegación alguna con respecto a ese extremo. Es cierto que los herederos también fueron demandados; pero no encontramos en la demanda alegación directa contra ellos, ni sugestïón de que se hayan negado a prestar su beneplácito al pago del legado. Y, a nuestro entender, ésa es la alegación que en la demanda falta. Las demás que allí aparecen son propias de la acción que se ejercita.

Se ha argumentado por la apelante acerca de que los albaceas tienen un término legal, el de un año y en su caso la prórroga, para cumplir su cometido. Pero conviene no olvidar que ese cometido no es sólo el pago de los legados en metálico, sino que tienen otros deberes, y que a todos ellos se refiere la ley. Y en este caso la parte apelada argumenta que la ley ha impuesto al albacea el deber de cumplir su encargo *dentro del año,* lo que no quiere decir que forzosamente se haya de dejar transcurrir el año.

No entendemos que la obligación del albacea sea una a plazo, o condicionada por el término. La obligación de pagar el legado, en un caso como el que presenta la demanda de que se trata, no es condicional ni a plazo. Es una obligación que nace de la ley, y en la que es un poco difícil encajar las palabras "para cuyo cumplimiento se haya señalado un día cierto" del artículo 1092 del Código Civil, que parecen escritas para las obligaciones que nacen de convención o contrato.

Faltando la alegación esencial de conocimiento y bene-

plácito de los herederos, o de su negativa a que el legado se pague, debió declararse con lugar la excepción.

Bastaría con la resolución en este particular, si no fuera conveniente decir algo con respecto a la condena en intereses. Entendemos que ella se refiere a los legales desde la interposición de la demanda. En ese particular la sentencia se ajusta a la ley y a la jurisprudencia (véase la decisión en *Cívico v. Rodríguez*, 4 D.P.R. 314, y la en *Aboy Vidal & Co. v. Garófalo et al.*, No. 4349, resuelto en 19 de junio de 1929.)

*Debe revocarse la sentencia y devolverse el caso a la corte sentenciadora para ulteriores procedimientos no inconsistentes con esta opinión.*